JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01761 DMG (FMOx)** | Date | March 7, 2012 |
|---|---|---|---|
| Title | *Sovereign Ventures Inc. v. Paul Saunders, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On December 13, 2011, Plaintiff Sovereign Ventures Inc. filed a complaint in Los Angeles County Superior Court for unlawful detainer against Defendants Paul and Melba Saunders and Does 1 through 10. Plaintiff seeks possession of real property and restitution for Defendants' use and occupancy of the property in the amount of $66.67 per day starting on December 6, 2011. (Compl. at 3.) Defendant Paul Saunders ("Saunders") removed the case to this Court on March 1, 2012, asserting subject matter jurisdiction on the basis of a federal question. *See* 28 U.S.C. §§ 1331, 1441.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The complaint contains no federal question on its face. Although Saunders asserts that Plaintiff failed to comply with the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), Pub. L. No. 111-22, § 702, 123 Stat 1632, 1660-61 (codified at 12 U.S.C. § 5220 notes), this assertion is best characterized as a defense or potential counterclaim. *Aurora Loan Servs., LLC v. Montoya*, No. 2:11–cv–2485–MCE–KJN–PS, 2011 WL 5508926, at *3, 2011 U.S. Dist. LEXIS 129905, at *11 (E.D. Cal. Nov. 9, 2011). Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009).

Moreover, Defendants previously presented this defense to the Superior Court in a demurrer, which the Superior Court overruled. (*See* Notice of Removal ¶¶ 8-9 [Doc. # 1].) The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01761 DMG (FMOx)** | Date | March 7, 2012 |
|---|---|---|---|

| Title | *Sovereign Ventures Inc. v. Paul Saunders, et al.* | Page | 2 of 2 |
|---|---|---|---|

*Rooker-Feldman* doctrine[1] "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).

     Accordingly, the Court rejects Saunders' contention that the PTFA provides a basis for federal question jurisdiction. The complaint simply does not present a federal question—either explicitly or implicitly. Nor does the complaint reveal any possibility of diversity jurisdiction. The amount in controversy is well below the $75,000 jurisdictional threshold for diversity jurisdiction. The caption of the underlying state court complaint clearly states that the amount of damages sought by Plaintiff does not exceed $10,000.

     As Saunders has not established a basis for subject matter jurisdiction, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).